```
 1  RANDY S. GROSSMAN
    United States Attorney
 2  PATRICK C. SWAN
    Assistant U.S. Attorney
 3  California Bar No. 306526
    RYAN A. SAUSEDO
 4  Assistant U.S. Attorney
    California Bar No. 264075
 5  United States Attorney's Office
    880 Front Street, Room 6293
 6  San Diego, California 92101
    Telephone: (619) 546-8450/9689
 7
    Attorneys for Plaintiff
 8  UNITED STATES OF AMERICA
```

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 22-cr-2364-JO-002 |
|---|---|
| Plaintiff, | **PLEA AGREEMENT** |
| v. | |
| SAMMY CORTES, JR. (2), | |
| Defendant. | |

IT IS HEREBY AGREED between the plaintiff, UNITED STATES OF AMERICA, through its counsel, Randy S. Grossman, United States Attorney, and Patrick C. Swan, Assistant United States Attorney, Ryan A. Sausedo, Assistant U.S. Attorney, and defendant, SAMMY CORTES, JR., with the advice and consent of Jami L. Ferrara, counsel for defendant, as follows:

//
//
//
//

Def. Initials SC

# I

# THE PLEA

A. THE CHARGE

Defendant agrees plead guilty to Count 1 of the Indictment charging Defendant with:

## Count 1

Beginning on or around a date unknown to the grand jury and continuing up to and including September 14, 2022, within the Southern District of California, and elsewhere, defendants, HECTOR MANUEL ZAVALA-REYES, SAMMY CORTES, JR., JUAN CARLOS RENTERIA-ESPINOZA, and MARTIN OCTAVIO MARTINEZ-SANCHEZ, did knowingly and intentionally conspire together and with each other and with other persons known and unknown to import 5 kilograms and more of a mixture and substance containing a detectable amount of cocaine, a Schedule II Controlled Substance, into the United States from a place outside thereof; in violation of Title 21, United States Code, Sections 952, 960, and 963.

B. DISMISSAL OF COUNT 2

The Government agrees to (1) move to dismiss Count 2 against Defendant without prejudice when Defendant is sentenced, and (2) not prosecute Defendant thereafter on Count 2 unless Defendant breaches the plea agreement or the guilty plea entered pursuant to this plea agreement is set aside for any reason. If Defendant breaches this agreement or the guilty plea is set aside, section XII below shall apply.

C. NO SUBSTANTIVE MOTIONS AND DISPOSITION OF EVIDENCE

In return for the concessions made by the Government herein, Defendant agrees further as follows:

    1. Defendant will not file any substantive motions (including those described in Fed. R. Crim. P. 12, other than motions seeking bail review); and

    2. Upon acceptance of Defendant's guilty plea by the District Court, and not withstanding any preservation order(s) entered by the District Court, the Government

Def. Initials SC
22-cr-2364-JO-002

need not hold or preserve any evidence seized in connection with this case, including but not limited to:

    a. Any cellular device(s); and

    b. Any vehicle(s).

    c. Any controlled substance(s), except sample amounts for confirmatory testing.

3. Upon acceptance of Defendant's guilty plea by the District Court, the defendant will not oppose any motion by the Government to move that the Court lift or revoke any preservation order.

D. FORFEITURE

Defendant further consents to the forfeiture allegations of the Indictment and consents to the forfeiture of all property seized in connection with this case. The forfeiture is more fully set forth in the attached forfeiture addendum.

## II

### NATURE OF THE OFFENSE

A. ELEMENTS EXPLAINED

Defendant understands that the offense to which Defendant is pleading guilty to in Count 1 has the following elements:

1. There was an agreement between two or more persons to bring cocaine into the United States from a place outside the United States;

2. Defendant knew the agreement had an unlawful object or purpose; and

3. Defendant joined in the agreement knowing of its purpose and intending to help accomplish that purpose.

In addition, for purposes of sentencing, the Government would have to prove, beyond a reasonable doubt, that the amount of the cocaine involved in the offense was 5 kilograms and more of a mixture and substance containing a detectable amount of cocaine; and that the type and quantity of the federally controlled substance(s) were within the scope of Defendant's agreement or reasonably foreseeable to Defendant.

As to the forfeiture allegations for Count 1, Defendant understands that the Government would have to prove by a preponderance of evidence that the property(ies) subject to forfeiture are property constituting or derived from proceeds obtained from the offense(s), or are property(ies) used or intended to be used to commit or to facilitate the commission of the offense(s).

B. <u>ELEMENTS UNDERSTOOD AND ADMITTED - FACTUAL BASIS</u>

Defendant has fully discussed the facts of this case with defense counsel. Defendant has committed each element of the crime and admits that there is a factual basis for this guilty plea. The following facts are true and undisputed:

1. Beginning on a date unknown and continuing up to and including September 14, 2022, within the Southern District of California, and elsewhere, there was an agreement between defendant, SAMMY CORTES, JR., and others to bring cocaine into the United States from a place outside the United States;

2. Defendant knew the agreement had an unlawful object or purpose;

3. Defendant joined the agreement with the intent to further its unlawful object or purpose;

4. Defendant worked jointly with his co-conspirators for a Mexican-based drug trafficking organization to import multi-kilogram quantities of cocaine into the United States from Mexico; and then, distribute the controlled substances throughout Southern California and the United States.

5. The entire conspiracy involved at least 5 kilograms and more of cocaine. The type and quantity of the federally controlled substance(s) were within the scope of Defendant's agreement or were reasonably foreseeable to Defendant.

//
//
//

## III

## PENALTIES

The crime to which defendant is pleading guilty in <u>Count 1</u> carries the following penalties for each count:

A. a maximum life in prison;
   and a mandatory minimum 10 years;

B. a maximum $10,000,000 fine;

C. a mandatory special assessment of $100.00 per count;

D. a term of supervised release of at least 5 years and up to life. Defendant understands that failure to comply with any of the conditions of supervised release may result in revocation of supervised release, requiring defendant to serve in prison, upon any such revocation, all or part of the statutory maximum term of supervised release for the offense that resulted in such term of supervised release;

E. forfeiture of all property constituting and derived from proceeds obtained as a result of the violation and property used and intended to be used to commit and to facilitate the commission of the offense; and

F. possible ineligibility for certain Federal benefits.

## IV

## DEFENDANT'S WAIVER OF TRIAL RIGHTS AND UNDERSTANDING OF CONSEQUENCES

This guilty plea waives defendant's right at trial to:

A. Continue to plead not guilty and require the Government to prove the elements of the crime beyond a reasonable doubt;

B. A speedy and public trial by jury;

C. The assistance of counsel at all stages of trial;

D. Confront and cross-examine adverse witnesses;

E. Testify and present evidence and to have witnesses testify on behalf of defendant; and

F. Not testify or have any adverse inferences drawn from the failure to testify.

//

Def. Initials SC
22-cr-2364-JO-002

## V

**DEFENDANT ACKNOWLEDGES NO PRETRIAL RIGHT TO BE PROVIDED WITH IMPEACHMENT AND AFFIRMATIVE DEFENSE INFORMATION**

Any information establishing the factual innocence of defendant known to the undersigned prosecutor in this case has been turned over to defendant. The Government will continue to provide such information establishing the factual innocence of defendant.

If this case proceeded to trial, the Government would be required to provide impeachment information for its witnesses. In addition, if defendant raised an affirmative defense, the Government would be required to provide information in its possession that supports such a defense. By pleading guilty, defendant will not be provided this information, if any, and defendant waives any right to this information. Defendant will not attempt to withdraw the guilty plea or file a collateral attack on the existence of this information.

## VI

**DEFENDANT'S REPRESENTATION THAT GUILTY PLEA IS KNOWING AND VOLUNTARY**

Defendant represents that:

A. Defendant has had a full opportunity to discuss all the facts and circumstances of this case with defense counsel and has a clear understanding of the charges and the consequences of this plea. By pleading guilty, defendant may be giving up, and rendered ineligible to receive, valuable government benefits and civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. The conviction in this case may subject defendant to various collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case; debarment from government contracting; and suspension or revocation of a professional license, none of which can serve as grounds to withdraw defendant's guilty plea;

B. No one has made any promises or offered any rewards in return for this guilty plea, other than those contained in this agreement or otherwise disclosed to the court;

C. No one has threatened defendant or defendant's family to induce this guilty plea; and,

Def. Initials SC
22-cr-2364-JO-002

D.   Defendant is pleading guilty because defendant is guilty and for no other reason.

## VII

### AGREEMENT LIMITED TO U.S. ATTORNEY'S OFFICE, SOUTHERN DISTRICT OF CALIFORNIA

This plea agreement is limited to the United States Attorney's Office for the Southern District of California, and cannot bind any other authorities in any type of matter, although the Government will bring this plea agreement to the attention of other authorities if requested by defendant.

## VIII

### APPLICABILITY OF SENTENCING GUIDELINES

The sentence imposed will be based on the factors set forth in 18 U.S.C. § 3553(a). In imposing the sentence, the sentencing judge must consult the United States Sentencing Guidelines (Guidelines) and take them into account. Defendant has discussed the Guidelines with defense counsel and understands that the Guidelines are only advisory, not mandatory. The Court may impose a sentence more severe or less severe than otherwise applicable under the Guidelines, up to the maximum in the statute of conviction. The sentence cannot be determined until a presentence report is prepared by the U.S. Probation Office and defense counsel and the Government have an opportunity to review and challenge the presentence report. **Defendant agrees to request that a presentence report be prepared**. Nothing in this plea agreement limits the Government's duty to provide complete and accurate facts to the district court and the U.S. Probation Office.

//
//
//

7

Def. Initials SC
22-cr-2364-JO-002

## IX

## **SENTENCE IS WITHIN SOLE DISCRETION OF JUDGE**

This plea agreement is made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B). The sentence is within the sole discretion of the sentencing judge who may impose the maximum sentence provided by statute. It is uncertain at this time what defendant's sentence will be. The Government has not made and will not make any representation as to what sentence defendant will receive. Any estimate of the probable sentence by defense counsel is not a promise and is **not binding on the Court**. Any recommendation made by the Government at sentencing is also not binding on the Court. If the sentencing judge does not follow any of the parties' sentencing recommendations, defendant will not withdraw the plea.

## X

## **PARTIES' SENTENCING RECOMMENDATIONS**

A. SENTENCING GUIDELINE CALCULATIONS

Although the Guidelines are only advisory and just one factor the Court will consider under 18 U.S.C. § 3553(a) in imposing a sentence, the parties will jointly recommend the following Base Offense Level, Specific Offense Characteristics, Adjustments, and Departures:

1. Base Offense Level [USSG § 2D1.1]     34*
2. Safety Valve (if applicable)     -2**
   [§§ 2D1.1(b)(18) and 5C1.2]
3. Acceptance of Responsibility [§ 3E1.1]     -3
4. Early Resolution & Appellate Waiver [§ 5K2.0]     -2***

**\*The actual Base Offense Level (BOL) cannot be determined until a laboratory has performed a chemical analysis of either a sample or the bulk of the controlled substance(s), so this calculation is subject to change. At sentencing, the parties will recommend a BOL consistent with**

the chemical analysis as listed on the results of the laboratory testing of the controlled substance(s) according to one of two ways. If a sample of the controlled substances is tested, then the BOL will be determined based on the gross weight of the controlled substance(s) as determined at the time of defendant's arrest (after first incorporating a 10% reduction in the overall weight to reflect a reduction in the weight for packaging and other considerations). If the bulk of the controlled substance(s) are tested, the BOL will be determined consistent with the results of the laboratory testing without a 10% reduction in the overall weight. If defendant is determined to be a career offender pursuant to USSG § 4B1.1(a), the applicable base offense level shall be determined pursuant to USSG § 4B1.1(b). Furthermore, defendant may be ineligible for any role reduction.

\*\*If Defendant truthfully discloses to the government all information and evidence Defendant has concerning the offense and relevant conduct, and if Defendant otherwise qualifies for the "safety valve" reduction contained in § 5C1.2, the government will recommend a two-level reduction under § 2D1.1(b)(18) and relief from any statutory mandatory minimum sentence pursuant to § 5C1.2. If Defendant does not qualify under § 5C1.2, Defendant may be subject to a statutory mandatory minimum sentence.

\*\*\*The Government reserves the right to reduce its recommended departure if defendant does not proceed to sentencing on the first date set by the Court, unless the parties agree to a continuance or sentencing is continued on the Court's own motion.

B.  ACCEPTANCE OF RESPONSIBILITY

Despite paragraph A above, the Government need not recommend an adjustment for Acceptance of Responsibility if defendant engages in

conduct inconsistent with acceptance of responsibility including, but not limited to, the following:

    1. Fails to truthfully admit a complete factual basis as stated in the plea at the time the plea is entered, or falsely denies, or makes a statement inconsistent with, the factual basis set forth in this agreement;

    2. Falsely denies prior criminal conduct or convictions;

    3. Is untruthful with the Government, the Court or probation officer; or

    4. Breaches this plea agreement in any way.

C.   <u>FURTHER ADJUSTMENTS AND SENTENCE REDUCTIONS INCLUDING THOSE UNDER 18 U.S.C. § 3553</u>

Defendant **may** request or recommend additional downward adjustments, departures, or variances from the Sentencing Guidelines under 18 U.S.C. § 3553. The Government will oppose any downward adjustments, departures, or variances not set forth in Section X, paragraph A above.

D.   <u>NO AGREEMENT AS TO CRIMINAL HISTORY CATEGORY</u>

The parties have **no** agreement as to defendant's Criminal History Category, except that, if defendant is determined to be a Career Offender, the parties agree that defendant is automatically a Criminal History Category VI pursuant to USSG § 4B1.1(b).

E.   <u>"FACTUAL BASIS" AND "RELEVANT CONDUCT" INFORMATION</u>

The facts in the "factual basis" paragraph of this agreement are true and may be considered as "relevant conduct" under USSG § 1B1.3 and as the nature and circumstances of the offense under 18 U.S.C. § 3553(a)(1).

F.   <u>GOVERNMENT RECOMMENDATIONS REGARDING CUSTODY</u>

The Government agrees to recommend the greater of: within the advisory Guidelines range as calculated by the Government at the time

Def. Initials SC
22-cr-2364-JO-002

of sentencing; the statutory mandatory minimum sentence, if applicable; or the time served in custody at the time of sentencing.

G. SPECIAL ASSESSMENT AND FINE

The parties will jointly recommend that defendant pay a special assessment in the amount of $100.00 per felony count of conviction to be paid forthwith at time of sentencing. The special assessment shall be paid through the office of the Clerk of the District Court by bank or cashier's check or money order made payable to the "Clerk, United States District Court."

The parties will not recommend imposition of a fine due to defendant's limited financial prospects and because the cost of collection, even taking into account the Inmate Responsibility Program, likely would exceed the amounts that could reasonably be expected to be collected.

H. FORFEITURE

The Defendant consents to the forfeiture allegations of the Indictment. The Defendant further agrees to the to the administrative and/or civil forfeiture of all properties seized in connection with this case (including but not limited to all U.S. currency, firearms and ammunition, vehicles, electronic devices, and other items) which the Defendant agrees are subject to forfeiture to the United States pursuant to Title 21, United States Code, Sections 853(a)(1), 853(a)(2), 881 and Title 18, United States Code Section 982(a)(1). Defendant consents and agrees to the immediate entry of order(s) of forfeiture as the Government deems necessary. Defendant agrees that upon execution of this plea agreement the Defendant's interest(s) in any and all seized properties is terminated. Defendant waives all rights to receive notices of any and all forfeitures. Defendant agrees that by signing this plea agreement

11

Def. Initials  GC
22-cr-2364-JO-002

he/she is immediately withdrawing any claims in pending administrative or civil forfeiture proceedings to properties seized in connection with this case. Defendant agrees to execute all documents requested by the Government to facilitate or complete the forfeiture process(es). Defendant further agrees not to contest, or to assist any other person or entity in contesting, the forfeiture of property seized in connection with this case. Contesting or assisting others in contesting the forfeiture shall constitute a material breach of the plea agreement, relieving the Government of all its obligations under the agreement including but not limited to its agreement to recommend an adjustment for Acceptance of Responsibility. Defendant further waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the Court to advise defendant of this, pursuant to Rule 11(b)(1)(J), at the time the Court accepts the guilty plea(s). Defendant further agrees to waive all constitutional and statutory challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this agreement, including any claim that the forfeiture constitutes an excessive fine or punishment under the United States Constitution. Defendant agrees to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States and to testify truthfully in any judicial forfeiture proceeding. Defendant agrees that the forfeiture provisions of this plea agreement are intended to, and will, survive defendant, notwithstanding the abatement of any underlying criminal

conviction after the execution of this agreement. The forfeitability of any particular property pursuant to this agreement shall be determined as if defendant had survived, and that determination shall be binding upon defendant's heirs, successors and assigns until the agreed forfeiture, including any agreed money judgment amount, is collected in full.

I.  SUPERVISED RELEASE

The Government is free to recommend a period of supervised release. If the Court imposes a term of supervised release, defendant will not seek to reduce or terminate early the term of supervised release until defendant has served at least two-thirds of the term of supervised release and has fully paid and satisfied any special assessments, fine, criminal forfeiture judgment and restitution judgment.

XI

**DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK**

Defendant knowingly and voluntarily waives (gives up) all rights to appeal and to collaterally attack every aspect of the conviction and sentence. This waiver includes, but is not limited to, any argument that the statute of conviction or Defendant's prosecution is unconstitutional and any argument that the facts of this case do not constitute the crime charged. The only exception is that Defendant may collaterally attack the conviction or sentence on the basis that Defendant received ineffective assistance of counsel. If Defendant appeals, the Government may support on appeal the sentence or restitution order actually imposed.

//
//
//

Def. Initials SC
22-cr-2364-JO-002

## XII

## BREACH OF THE PLEA AGREEMENT

Defendant and defendant's attorney know the terms of this agreement and shall raise, before the sentencing hearing is complete, any claim that the Government has not complied with this agreement. Otherwise, such claims shall be deemed waived (that is, deliberately not raised despite awareness that the claim could be raised), cannot later be made to any court, and if later made to a court, shall constitute a breach of this agreement.

Defendant breaches this agreement if defendant violates or fails to perform any obligation under this agreement. The following are non-exhaustive examples of acts constituting a breach:

A. Failing to plead guilty pursuant to this agreement;

B. Failing to fully accept responsibility as established in Section X, paragraph B, above;

C. Failing to appear in court;

D. Attempting to withdraw the plea;

E. Failing to abide by any court order related to this case;

F. Appealing (which occurs if a notice of appeal is filed) or collaterally attacking the conviction or sentence in violation of Section XI of this plea agreement; or

G. Engaging in additional criminal conduct from the time of arrest until the time of sentencing.

If defendant breaches this plea agreement, defendant will not be able to enforce any provisions, and the Government will be relieved of all its obligations under this plea agreement. For example, the Government may proceed to sentencing but recommend a different sentence than what it agreed to recommend above. Or the Government may pursue any charges including those that were dismissed, promised to be dismissed, or not filed as a result of this agreement (defendant agrees

14

that any statute of limitations relating to such charges is tolled indefinitely as of the date all parties have signed this agreement; defendant also waives any double jeopardy defense to such charges). In addition, the Government may move to set aside defendant's guilty plea. Defendant may not withdraw the guilty plea based on the Government's pursuit of remedies for defendant's breach.

Additionally, if defendant breaches this plea agreement: (i) any statements made by defendant, under oath, at the guilty plea hearing (before either a Magistrate Judge or a District Judge); (ii) the factual basis statement in Section II.B in this agreement; and (iii) any evidence derived from such statements, are admissible against defendant in any prosecution of, or any action against, defendant. This includes the prosecution of the charge(s) that is the subject of this plea agreement or any charge(s) that the prosecution agreed to dismiss or not file as part of this agreement, but later pursues because of a breach by the defendant. Additionally, defendant knowingly, voluntarily, and intelligently waives any argument that the statements and any evidence derived from the statements should be suppressed, cannot be used by the Government, or are inadmissible under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, and any other federal rule.

## XIII

### CONTENTS AND MODIFICATION OF AGREEMENT

This plea agreement embodies the entire agreement between the parties and supersedes any other agreement, written or oral. No modification of this plea agreement shall be effective unless in writing signed by all parties.

//

15

Def. Initials SC
22-cr-2364-JO-002

## XIV

**DEFENDANT AND COUNSEL FULLY UNDERSTAND AGREEMENT**

By signing this agreement, defendant certifies that defendant has read it (or that it has been read to defendant in defendant's native language). Defendant has discussed the terms of this agreement with defense counsel and fully understands its meaning and effect.

//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//

Def. Initials SC
22-cr-2364-JO-002

## XV

## DEFENDANT SATISFIED WITH COUNSEL

Defendant has consulted with counsel and is satisfied with counsel's representation. This is defendant's independent opinion, and defendant's counsel did not advise defendant about what to say in this regard.

Respectfully submitted,

RANDY S. GROSSMAN
United States Attorney

February 13, 2023
DATED

PATRICK C. SWAN
Assistant U.S. Attorney

2/13/23
DATED

JAMI L. FERRARA
Defense Counsel

**IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" PARAGRAPH ABOVE ARE TRUE.**

02/13/23
DATED

SAMMY CORTES, JR.
Defendant

Approved by:

/s Kareem A. Salem
KAREEM A. SALEM
Assistant U.S. Attorney

17
Def. Initials SC
22-cr-2364-JO-002

# FORFEITURE ADDENDUM

Defendant's conviction will include forfeiture. This forfeiture addendum is incorporated into and part of Defendant's plea agreement, and the additional terms and warnings below apply.

A.  **Penalty**. In addition to the penalties in the plea agreement, federal law states that as to Count 1, Defendant must forfeit to the United States all right, title, and interest in any and all property, constituting, or derived from, any proceeds Defendant obtained, directly or indirectly as a result of the offense and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the offense.

B.  **Property Subject to Forfeiture**. As part of Defendant's guilty plea to Count 1 of the Indictment, as set forth in section I of the plea agreement, Defendant agrees to forfeit all property seized in connection with this case.

C.  **Basis of Forfeiture**. Defendant admits such property represents property, constituting, and derived from proceeds Defendant obtained, directly, or indirectly, as the result of the offense, and represents property used and intended to be used to commit and to facilitate the commission of the offense, and all property, real and personal, involved in such offense, and all property traceable to such property, and that such property is subject to forfeiture to the United States pursuant to 21 U.S.C. § 853(a)(1) and (a)(2), and 18 U.S.C. § 982(a)(1).

D.  **Immediate Entry of Preliminary Order of Forfeiture**. Defendant consents and agrees to the immediate entry of a preliminary order of forfeiture upon entry of the guilty plea. Defendant agrees that upon entry of the preliminary order of forfeiture, such order shall be final as to Defendant's interests in the properties. Defendant agrees to

Def. Initials  SC

immediately withdraw any claims in pending administrative or civil forfeiture proceedings to properties seized in connection with this case that are directly or indirectly related to the criminal conduct. Defendant agrees to execute all documents requested by the Government to facilitate or complete the forfeiture process. Defendant further agrees not to contest, or to assist any other person or entity in contesting, the forfeiture of property seized in connection with this case. Contesting or assisting others in contesting the forfeiture shall constitute a material breach of the plea agreement, relieving the Government of all its obligations under the agreement including but not limited to its agreement to recommend an adjustment for Acceptance of Responsibility.

E. <u>Entry of Orders of Forfeiture and Waiver of Notice</u>. Defendant consents and agrees to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the Court to advise defendant of this, pursuant to Rule 11(b)(1)(J), at the time the Court accepts the guilty plea(s).

F. <u>Waiver of Constitutional and Statutory Challenges</u>. Defendant further agrees to waive all constitutional and statutory challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this agreement, including any claim that the forfeiture constitutes an excessive fine or punishment under the United States Constitution. Defendant agrees to take all steps

2

Def. Initials SC
22-cr-2364-JO-002

as requested by the United States to pass clear title to forfeitable assets to the United States and to testify truthfully in any judicial forfeiture proceeding.

G. <u>Agreement Survives Defendant; No Forfeiture Abatement.</u> Defendant agrees that the forfeiture provisions of this plea agreement are intended to, and will, survive defendant, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement. The forfeitability of any particular property pursuant to this agreement shall be determined as if defendant had survived, and that determination shall be binding upon defendant's heirs, successors and assigns until the agreed forfeiture, including any agreed money judgment amount, is collected in full.

RANDY S. GROSSMAN
United States Attorney

February 13, 2023
DATED

PATRICK C. SWAN
Assistant U.S. Attorney

2/13/23
DATED

JAMI L. FERRARA
Defense Counsel

02/13/23
DATED

SAMMY CORTES, JR.
Defendant